1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH LUCKETT,                              No.  2:24-cv-0491 AC P

12              Plaintiff,

13         v.                                     ORDER

14    RUBY CARTER, et al.,

15              Defendants.

16

17         Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18    and state tort law without a lawyer.  He has paid the filing fee.

19    I.    Statutory Screening of Prisoner Complaints

20         The court is required to screen complaints brought by prisoners seeking relief against "a

21    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

22    claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

23    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

24    an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

25    at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

26    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

27         In order to avoid dismissal for failure to state a claim a complaint must contain more than

28    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

II.    Factual Allegations of the Complaint

The complaint alleges that defendants Carter, Easman, Orr, and Mule Creek State Prison (MCSP) violated plaintiff's rights under the Eighth Amendment and that Carter committed medical malpractice.  ECF No. 1.  Specifically, plaintiff alleges that on February 7, 2023, Carter, a licensed vocational nurse, negligently administered the wrong medication, despite plaintiff alerting her that the medication she had did not appear to be the one he was prescribed.  <u>Id.</u> at 3.  Shortly thereafter, plaintiff began feeling sick and it was later discovered that he was in fact injected with the wrong medication.  <u>Id.</u> at 4.  Plaintiff was seen by a doctor, who explained the situation and instructed him to go "man down" in the event his symptoms got worse.  <u>Id.</u>  When plaintiff later followed the doctor's instructions, Easman refused to summon emergency medical care and instead instructed plaintiff to walk to the medical clinic, where Orr refused to allow plaintiff into the clinic.  <u>Id.</u> at 4-5.  Plaintiff lost consciousness in front of the clinic where he was later awakened and assisted by other inmates.  <u>Id.</u> at 5-6.

III.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against Easman for failing to summon emergency medical assistance and against Orr for refusing to let plaintiff into the clinic.

////

2

1      IV.    Failure to State a Claim

2              However, the allegations in the complaint are not sufficient to state any claim for relief

3      against Carter or MCSP.  With respect to Carter, plaintiff asserts that her conduct was negligent

4      and constituted malpractice.  While that may be true, "[m]ere indifference, negligence, or medical

5      malpractice" will not support a claim of deliberate indifference.  Lemire v. Cal. Dep't of Corr. &

6      Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted).  The

7      medical malpractice claim against Carter fails because plaintiff has failed to allege compliance

8      with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240,

9      1237 (2004) (for claims against the state, timely presentation of a claim under the Government

10     Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't

11     Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau,

12     board, commission or agency of the State claims against which are paid by warrants drawn by the

13     Controller").

14             As to defendant MCSP, the prison is an arm of the state and therefore immune from suit.

15     See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have

16     traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in

17     either federal court or state court." (citing Will v. Mich. Dep't of State Police, 491 U.S. 58

18     (1989))

19             It appears to the court that plaintiff may be able to allege facts to fix some of these

20     problems.  Therefore, plaintiff has the option of filing an amended complaint.

21      V.    Options from Which Plaintiff Must Choose

22             Based on the court's screening, plaintiff has a choice to make.  After selecting an option

23     from the two options listed below, plaintiff must return the attached Notice of Election form to

24     the court within 21 days from the date of this order.

25             **The first option available to plaintiff is to proceed immediately against defendants**

26     **Easman and Orr on the Eighth Amendment claims.  By choosing this option, plaintiff will**

27     **be agreeing to voluntarily dismiss defendants Carter and MCSP.  The court will proceed to**

28     **immediately serve the complaint and order a response from defendants Easman and Orr.**

3

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV against defendant Carter.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.   <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated claims against defendants Easman and Orr for violating your rights under the Eighth Amendment.  You have not stated any claims against defendant Carter because negligence is not enough to state a claim under the Eighth Amendment and for your malpractice claim you have not alleged facts showing that you filed a timely notice of claim with the state as required by the Government Claims Act.  MCSP is immune from suit because it is a state agency and not a person under § 1983.

You have a choice to make.  You may either (1) proceed immediately on your claims against defendants Easman and Orr and voluntarily dismiss the other defendants; or, (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  <u>See</u> Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's claims against defendants Carter and Mule Creek State Prison do not state claims for which relief can be granted.

2.  Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Easman and Orr as set forth in Section III above, or to file an amended complaint.

3.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4.  If plaintiff does not return the form, the court will assume that he is choosing to

4

1    proceed on the complaint as screened and will recommend dismissal without prejudice of all

2    claims against defendants Carter and Mule Creek State Prison.

3    DATED: November 4, 2024

4
_____

5
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH LUCKETT,                        No.  2:24-cv-0491 AC P

12              Plaintiff,

13        v.                               NOTICE OF ELECTION

14   RUBY CARTER, et al.,

15              Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his Eighth Amendment claims against

19        defendants Easman and Orr without amending the complaint.  Plaintiff understands that

20        by choosing this option, all claims against defendants Carter and Mule Creek State Prison

21        will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil

22        Procedure 41(a).

23

24   _____ Plaintiff wants time to file an amended complaint.

25

26   DATED:_____

27                              _____
                                Keith Luckett
28                              Plaintiff pro se

                               1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.     Legal Standards Governing Substantive Claims for Relief

A.      Medical Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

////

1

1     In the Ninth Circuit, the test for deliberate indifference consists of two parts. <u>Jett</u>, 439

2 F.3d at 1096, citing <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), <u>overruled on other</u>

3 <u>grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

4 plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

5 condition could result in further significant injury or the 'unnecessary and wanton infliction of

6 pain.'"  <u>Id.</u>, citing <u>Estelle</u>, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

7 existence of an injury that a reasonable doctor or patient would find important and worthy of

8 comment or treatment; the presence of a medical condition that significantly affects an

9 individual's daily activities; or the existence of chronic and substantial pain.'"  <u>Lopez</u>, 203 F. 3d

10 at 1131-1132, citing <u>McGuckin</u>, 974 F.2d at 1059-60.

11     Second, the plaintiff must show the defendant's response to the need was deliberately

12 indifferent.  <u>Jett</u>, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

13 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

14 indifference.  <u>Id.</u>  Under this standard, the prison official must not only "be aware of facts from

15 which the inference could be drawn that a substantial risk of serious harm exists," but that person

16 "must also draw the inference."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  This "subjective

17 approach" focuses only "on what a defendant's mental attitude actually was."  <u>Id.</u> at 839.  A

18 showing of merely negligent medical care is not enough to establish a constitutional violation.

19 <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998), citing <u>Estelle</u>, 429 U.S. at 105-106.  A

20 difference of opinion about the proper course of treatment is not deliberate indifference, nor does

21 a dispute between a prisoner and prison officials over the necessity for or extent of medical

22 treatment amount to a constitutional violation.  <u>See, e.g.</u>, <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058

23 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

24 medical treatment, "without more, is insufficient to state a claim of deliberate medical

25 indifference."  <u>Shapley v. Nev. Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

26 Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

27 prisoner must show that the delay caused "significant harm and that Defendants should have

28 known this to be the case."  <u>Hallett</u>, 296 F.3d at 745-46; <u>see</u> <u>McGuckin</u>, 974 F.2d at 1060.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.      Medical Malpractice

Professional negligence is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury."  Cal. Civ. Proc. Code § 340.5(2).  The provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital."  Id.