UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUBY CARTER, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-0491 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed November 4, 2024, plaintiff's complaint was screened and he was given the options of amending the complaint or proceeding immediately on cognizable claims only.  ECF No. 5.  Plaintiff has now filed an amended complaint.  ECF No. 6.

　　I.　　Statutory Screening of Prisoner Complaints

　　　　The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the First Amended Complaint

The first amended complaint is identical to the original, except that plaintiff now pleads compliance with the Government Claims Act. Compare ECF No. 1 with ECF No. 6. As in the original, plaintiff alleges defendants Carter, Easman, Orr, and Mule Creek State Prison (MCSP) violated his rights under the Eighth Amendment and that Carter committed medical malpractice. ECF No. 6. Specifically, plaintiff alleges that on February 7, 2023, Carter, a licensed vocational nurse, negligently administered the wrong medication, despite plaintiff alerting her that the medication she had did not appear to be the one he was prescribed. Id. at 3. Shortly thereafter, plaintiff began feeling sick and it was later discovered that he was in fact injected with the wrong medication. Id. at 3-4. Plaintiff was seen by a doctor, who explained the situation and instructed him to go "man down" in the event his symptoms got worse. Id. at 4. When plaintiff later followed the doctor's instructions, Easman refused to summon emergency medical care and instead instructed plaintiff to walk to the medical clinic, where Orr refused to allow plaintiff into the clinic. Id. at 4-5. Plaintiff lost consciousness in front of the clinic where he was later awakened and assisted by other inmates. Id. at 5-6.

////

////

III. <u>Claims for Which a Response Will Be Required</u>

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a claim for medical malpractice against Carter, and Eighth Amendment claims against Easman for failing to summon emergency medical assistance and against Orr for refusing to let plaintiff into the clinic.

IV. <u>Failure to State a Claim</u>

However, the allegations in the complaint are not sufficient to state a claim for deliberate indifference against Carter or any claim for relief against MCSP. With respect to Carter, while plaintiff has stated a claim for medical malpractice against her, to the extent he is also attempting to state a claim for deliberate indifference, "[m]ere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. <u>Lemire v. Cal. Dep't of Corr. & Rehab.</u>, 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted). As to defendant MCSP, the prison is an arm of the state and therefore immune from suit. <u>See</u> <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989))

V. <u>No Leave to Amend</u>

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim for deliberate indifference against Carter or any claims against MCSP. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Since the amended complaint is identical to the original except for the addition of alleged compliance with the government claims act, it does not appear that further amendment

3

would result in further cognizable claims.  As a result, leave to amend would be futile and the Eighth Amendment claim against Carter and all claims against MCSP should be dismissed without leave to amend.

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

This case is going forward on your medical malpractice claim against defendant Carter and your Eighth Amendment claims against Easman and Orr.  It is being recommended that the deliberate indifference claim against Carter and all claims against MCSP be dismissed without leave to amend because you have not added any facts to support a deliberate indifference claim against Carter and MCSP is immune.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The allegations of the first amended complaint state claims for medical malpractice against defendant Carter and for deliberate indifference in violation of the Eighth Amendment against defendants Easman and Orr.  Service is appropriate for these defendants.

2.  E-service on defendants Carter, Easman, and Orr will be directed by separate order.  Plaintiff should not complete service paperwork for this defendant unless ordered to do so by the court.

3.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's deliberate indifference claim against defendant Carter and all claims against defendant Mule Creek State Prison be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE